UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARK ALLEN VANDERHOOF,

Petitioner,

v.

ERIN REYES,

Respondent.

Case No. 2:24-cv-00443-CL

FINDINGS AND RECOMMENDATION

CLARKE, Magistrate Judge.

Petitioner Mark Allen Vanderhoof ("Petitioner"), an individual in custody at Two Rivers Correctional Institution, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 challenging his 2013 Douglas County conviction for Murder by Abuse. Because Petitioner filed this successive habeas action without Ninth Circuit permission, the district judge should DISMISS the Petition for Writ of Habeas Corpus (ECF No. 2) for lack of jurisdiction.

A petitioner generally may file only one habeas petition under 28 U.S.C. § 2254. *Braveboy v. James*, Case No. 2:20-cv-10609-JGB-KES, 2020 WL 7342756, at *2 (C.D. Cal. Dec. 14, 2020). Any "claim presented in a second or successive habeas corpus [petition] under [S]ection 2254 that was presented in a prior [petition] shall be dismissed." 28 U.S.C. §

1 - FINDINGS AND RECOMMENDATION

2244(b)(1). Where a second petition pursuant to Section 2254 raises a new claim that was not included in the original petition, the petitioner must demonstrate one of the following:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In addition, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" the second petition. 28 U.S.C. § 2244(b)(3)(A). In the absence of such an order, this Court is without jurisdiction to review a successive petition on the merits. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (noting that "the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application") (simplified).

Petitioner previously challenged his 2013 Murder by Abuse conviction in another habeas case, *Vanderhoof v. Blewett*, Case No. 2:20-cv-00456-YY ("*Vanderhoof I*"), which was resolved on the merits. Here, Petitioner's grounds for relief concern alleged deficiencies in the underlying indictment, evidence that was allegedly "tainted" by "a significant breach-break in the chain of custody[,]" alleged tampering with video evidence, and "wrongful conviction, presecutorial misconduct, vindictive prosecution, and miscarriage of justice[.]" (Pet. at 6, 8.) Each of those issues were or could have been adjudicated in *Vanderhoof I*, and Petitioner does not allege any circumstances existed that would have otherwise prevented him from adjudicating his instant claims in the earlier proceeding. The petition therefore is successive. *See Cooper*, 274 F.3d at

2 - FINDINGS AND RECOMMENDATION

1273 (explaining that "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition"). Because Petitioner affirmatively represents in the petition that he has not received permission from the Ninth Circuit to file a successive petition (*see* Pet. at 10), this Court lacks jurisdiction, and the district judge should dismiss the petition.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (ECF No. 2) should be should be DISMISSED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __24__ day of February, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION