IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALLEN VANDERHOOF,

        Petitioner,

v.

ERIN REYES,

        Respondent.

Case No. 2:24-cv-443-CL

ORDER

MCSHANE, Judge:

      Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 22), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner, proceeding pro se, filed objections to the Findings and Recommendation. ECF No. 24, 37. I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error. Petitioner also moves for appointment of counsel. ECF No. 25.

      The Sixth Amendment right to counsel does not apply in habeas corpus proceedings. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, the Rules Governing Section 2254 Cases instruct the Court to appoint counsel if doing so is necessary for effective discovery or if an evidentiary hearing is required. *See* Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases. In addition, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel to represent a petitioner in a habeas corpus proceeding if "the interests of justice so require." In deciding whether to

1 –ORDER

appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

As Magistrate Judge Clarke noted, this is Petitioner's second federal habeas petition. In 2020, Petitioner filed his first federal habeas petition. *Vanderhoof v. Blewett*, 2:20-cv-456-YY (D. Or.). Magistrate Judge You appointed the Federal Public Defender to represent Petitioner. That petition was denied on the merits and the Ninth Circuit Court of Appeals declined to issue Petitioner a Certificate of Appealability. And as noted by Magistrate Judge Clarke, absent an order from the Ninth Circuit Court of Appeals, this Court lacks jurisdiction to consider a successive petition for habeas relief. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Petitioner's Motion for Appointment of Counsel (ECF No. 25) is DENIED.[1]

Magistrate Judge Clarke's Findings and Recommendation (ECF No. 22) is ADOPTED. As this Court lacks jurisdiction to consider Petitioner's second petition for habeas relief, the petition is DENIED and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  10th   day of March, 2025.

       /s/ Michael J. McShane
       Michael McShane
       United States District Judge

---

[1] Although the Court lacks jurisdiction to consider the merits of Petitioner's claim, the Court notes that Petitioner's claims lack merit. Petitioner argues double jeopardy renders his conviction unconstitutional. For support, Petitioner notes the trial court acquitted him of Count 1. Count 1, however charged Petitioner with murder by abuse (through neglect and maltreatment). Counts 3 and 4, however, charged Petitioner with murder by abuse (by having previously engaged in a pattern and practice of assault and torture). Double jeopardy did not prevent the state from attempting to prove Petitioner violated ORS 163.115, Murder by Abuse, in multiple ways. Additionally, nothing prevented the trial court from finding that although Petitioner did not violate the statute in one way, he did violate the statute in another way. The interests of justice do not justify appointing pro bono counsel under these circumstances.

2 –ORDER